1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

John Heenan
Colette B. Davies
Bishop & Heenan Law Firm
1631 Zimmerman Trail
Billings, MT 59102
406-839-9091
john@bishopandheenan.com

Timothy M. Bechtold
Bechtold Law Firm, P.L.L.C.
PO Box 7051
Missoula, MT 59807
406-721-1435
tim@bechtoldlaw.net

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| WILL BALLEW, on behalf of himself and all others similarly situated, ) | CV-15-133-M-DLC |
| ) | |
| Plaintiff, ) | **PLAINTIFF'S BRIEF IN SUPPORT OF** |
| vs. ) | **MOTION FOR CLASS CERTIFICATION** |
| ) | |
| VW Credit, Inc. ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**I.    INTRODUCTION**

Defendant VW Credit, Inc. is the financing arm of Volkswagen Group of America (VW).  On September 18, 2015, the US Environmental Protection Agency sent VW a Notice of Violation that informed VW that the EPA had discovered software algorithms in certain VW diesel cars (the "Violating Vehicles") that acted as "defeat devices" to circumvent emissions testing. Numerous consumers who have purchased Violating Vehicles financed the purchase through Defendant VW Credit. Plaintiff Ballew filed his Complaint in this matter on behalf of himself and all others similarly situated asking the Court to rescind the purchase agreement for the Violating Vehicles. Plaintiff Ballew now asks the Court in this matter to certify a class of consumers who purchased Violating Vehicles and financed their purchase through VW Credit.

The Violating Vehicles include the following models:

| Year | EPA Test Group | Make and Model |
|------|----------------|----------------|
| 2009 | 9VWXV02.035N | VW Jetta, VW Jetta Sportwagen |
| 2009 | 9VWXV02.0U5N | VW Jetta, VW Jetta Sportwagen |
| 2010 | AVWXV02.0U5N | VW Golf, VW Jetta, VW Jetta Sportwagen, Audi A3 |
| 2011 | BVWXV02.0U5N | VW Golf, VW Jetta, VW Jetta Sportwagen, Audi A3 |
| 2012 | CVWXV02.0U5N | VW Beetle, VW Beetle Convertible, VW Golf, VW Jetta, VW Jetta Sportwagen, Audi A3 |
| 2012 | CVWXV02.0U4S | VW Passat |
| 2013 | DVWXV02.0U5N | VW Beetle, VW Beetle Convertible, VW Golf, VW Jetta, VW Jetta Sportwagen, Audi A3 |

| 2013 | DVWXV02.0U4S | VW Passat |
|------|------------|-----------|
| 2014 | EVWXV02.0U5N | VW Beetle, VW Beetle Convertible, VW Golf, VW Jetta, VW Jetta Sportwagen, Audi A3 |
| 2014 | EVWXV02.0U4S | VW Passat |
| 2015 | FVGAV02.0VAL | VW Beetle, VW Beetle Convertible, VW Golf, VW Golf Sportwagen, VW Jetta, VW Passat, Audi A3 |

By separate motion, Plaintiff Ballew has asked this Court to enjoin all payments by class members to VW Credit, and to enjoin VW Credit from making any derogatory reports about the class to any credit reporting agencies. Pursuant to FRCP 23(c)(1)(A), Plaintiff Ballew now asks the Court to certify a class defined as:

**All consumers who purchased a Violating Vehicle in the United States who financed the purchase through VW Credit, Inc.**

Plaintiff Ballew proposes two subclasses:

**Subclass One: All consumers who purchased a Violating Vehicle in the United States who financed the purchase through VW Credit, Inc. who have paid off the full purchase price of the Violating Vehicle.**

**Subclass Two: All consumers who purchased a Violating Vehicle in the United States who financed the purchase through VW Credit, Inc. who have not yet paid off the full purchase price of the Violating Vehicle.**

Rule 23(c)(1)(A) requires that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Here, given the nature of the class

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

claim for rescission and the request for injunctive relief, certification of a class is appropriate. Moreover, given VW's public admissions of wrongdoing, an expedited class certification is appropriate.

## II.        ARGUMENT

A plaintiff seeking to certify a class must meet the requirements of FRCP 23(a) – generally referred to as numerosity, commonality, typicality, and adequacy, *see Wal-Mart Stores, Inc. v Dukes*, 131 S.Ct. 2541, 2550 (2011) – as well as one of the subsections of FRCP 23(b).  The Court must take the substantive allegations of the Complaint as true. *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). Moreover, the Court must conduct a "rigorous analysis" and "probe behind the pleadings before coming to rest on the certification question." *Dukes*, 131 S.Ct at 2551. This Court may consider material beyond the pleadings and require supplemental evidence from the parties. *Blackie*, 524 F.2d at 901 n.17. A district court may certify a class at its discretion. *See Abdullah v. U.S. Security Associates, Inc.*, 731 F.3d 952, 956 (9th Cir. 2013).

Class treatment is appropriate where, as here, a large group of consumers has been adversely affected by an auto manufacturer's common scheme. *See Chamberlan v. Ford*, 223 F.R.D. 524 (N.D.Cal. 2004); *Johnson v. General Mills, Inc.*

276 F.R.D. 519, 521 (C.D.Cal. 2011). Here, the proposed class were all wronged by

VW's scheme of installing a defeat device in each of the proposed class member's

vehicles. Next, each proposed class member arranged financing through VW's

subsidiary, VW Credit. The proposed class will be able to establish liability through

proof common to the entire proposed class. Moreover, the proposed class here is

easily ascertainable because the proposed class members can be readily identified

by VW Credit's contract documents.

Rule 23(a) provides that a case is appropriate for certification as a class

action if:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

FRCP 23(a).  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997). As

explained below, Plaintiff Ballew meets the Rule 23(a) requirements.

**A.  Numerosity**

Rule 23(a)(1) requires that the class be "so numerous that joinder of all

members is impracticable." Fed. R. Civ. P. 23(a)(1); see also *Hanlon v. Chrysler*

*Corp.,* 150 F.3d 1011, 1019 (9th Cir. 1998). "Generally speaking, courts will find that the 'numerosity' requirement has been satisfied when the class comprises 40 or more members, and will find that it has not been satisfied when the class comprises 21 or fewer." *Ansari v. New York Univ.* (SD NY 1998) 179 F.R.D. 112, 114. Here, the numerosity requirement is satisfied because hundreds of thousands of Violating Vehicles were sold in the United States, and many thousands financed the purchase of the Violating vehicles through VW Credit.

## B.  Commonality

"The Supreme Court has recently emphasized that commonality requires that the class members' claims depend upon a common contention such that determination of its truth or falsity will resolve an issue that is central to the validity of each claim in one stroke." *Abdullah*, 731 F.3d at 957 (internal quotations omitted). Thus the key inquiry is not whether there are common questions, but rather whether class certification will generate common answers to resolve the litigation. *Dukes,* 131 S.Ct. at 2551. "This does not, however, mean that *every* question of law or fact must be common to the class; all that Rule 23(a)(2) requires is a single *significant* question of law or fact." *Abdullah*, 731 F.3d at 957 (internal quotations omitted)(original emphasis). Rule 23(a)(2) is construed

permissively. *Hanlon v. Chysler Corp.* 150 F.3d 1011, 1019 (9th Cir. 1998).  In short, class members' claims must "depend upon a common contention" such that "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 131 S. Ct. at 2551.

The questions of law and fact that are common to the proposed class include:

1. Whether VW installed defeat devices in the Violating Vehicles;

2. Whether the Violating Vehicles meet federal emissions standards;

3. Whether VW misled the proposed class members with its advertising and publications;

4. Whether VW acted intentionally in making its false claims about the characteristics of the Violating Vehicles;

5. Whether VW's misrepresentations about the Violating Vehicles would be misleading to a reasonable consumer;

6. Whether VW knew, or by the exercise of reasonable care should have known, that its misrepresentations and misleading and false advertising concerning the Violating Vehicles would mislead a reasonable consumer;

7. Whether potential class members reasonably relied on VW's misrepresentations when purchasing a Violating Vehicle; and

8. Whether potential class members entered into a financing contract with VW Credit.

These questions all arise from a common core of facts and law, thus the determination of these common issues will resolve the core issues for all class members. Commonality is satisfied.

## C.  Typicality

The typicality requirement of Rule 23(a) is met if "the claims and defenses of the representative parties are typical of the claims or defenses of the class." FRCP 23(a)(3). "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020.  Typicality, like commonality, is a permissive standard. *Hanlon*, 150 F.3d at 1020.  "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). To be typical, a

class representative must show that he is not subject to a defense that is not

typical of the defenses raised against other proposed class members. *Hanon*, 976

F.2d at 508.

Plaintiff Ballew's claims are typical of the proposed class because his claims

and the claims of the proposed class all arise from the same – admitted –

wrongful conduct of VW. VW's advertising and marketing for its Violating Vehicles

was nationwide, and each of the proposed class members was misled by the same

advertising and marketing campaign. Each class member's claim arises from his

purchase of a Violating Vehicle and entering into a financing contract with VW

Credit.

**D. Adequacy**

Rule 23(a)(4) requires the class representative and class counsel to

represent the interests of absent class members fairly and adequately. Here

Plaintiff Ballew satisfies the adequacy requirement of Rule 23(a). His interests and

claims are aligned with the other members of the potential class, and he is willing

to prosecute the class claims actively. The claims of Plaintiff Ballew and class

members are essentially coextensive and there is no conflict. Plaintiff Ballew has

suffered the same harm as the class members.

1
2
3
4

Moreover class counsel here satisfy the adequacy requirement of Rule

23(a). Counsel have experience and competency in class action litigation and are

pursuing the class claims with zeal.

5
6

### E.  FRCP 23(b)(3) Predominance

7
8
9
10

Plaintiff Ballew seeks to qualify the class under FRCP 23(b)(3)'s

predominance standard. To qualify for certification under Rule 23(b)(3), common

questions must "predominate over any questions affecting only individual

11
12
13

members," and class resolution must be "superior to other available methods for

the fair and efficient adjudication of the controversy." FRCP 23(b)(3).  Rule

14
15
16

26(b)(3) certification is for cases "in which a class action would achieve economies

of time, effort, and expense, and promote ... uniformity of decision as to persons

17
18
19

similarly situated, without sacrificing procedural fairness or bringing about other

undesirable results." *Amchem*, 521 U.S. at 615 (citations omitted).

20
21
22

This Court must determine if the potential class proposed here is

"sufficiently cohesive" to satisfy the predominance requirement. *Amchem*, 521

23
24
25

U.S. at 623. Common issues must "present a significant aspect of the case" that

the Court can "resolve[] for all members of the class in a single adjudication."

26
27

*Hanlon,* 150 F.3d at 1022. "The predominance analysis under Rule 26(b)(3)

28

focuses on the relationship between the common and individual issues in the

case, and tests whether the proposed class is sufficiently cohesive to warrant

adjudication by representation." *Abdullah*, 731 F.3d at 964 (quotations omitted).

Here common issues predominate because the evidence to prove Plaintiff's

Ballew's claims is the same evidence needed to prove all class members' claims.

The evidence to prove the class claims is the same regardless of the number of

individuals in the class. The evidence will include VW's defeat device; VW's

scheme to implement the defeat device; the results of EPA's testing of the

Violating Vehicles; VW's admissions of wrongdoing; VW's advertising and

marketing campaign materials; and VW Credit's contracts with class members.

VW has essentially admitted commonality by stating that the defeat device is in

the Violating Vehicles and that it will implement a fix to the defeat device for all

Violating Vehicles.

**F.  Superiority**

This Court must also determine if proceeding as a class is the superior

method of prosecuting the case in controversy. FRCP 23(b)(3). To determine

superiority, the Court considers the following non-exclusive factors: A) the class

members' interest in individually controlling separate actions; B) extent and

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

nature of other litigation already begun; C) desirability of concentrating claims in

the current forum; and D) likely difficulties of managing a class action. FRCP

23(b)(3); *Ellis v. Costco Wholesale Corp.,* 285 F.R.D. 492, 539 (2012). "In deciding

whether class certification will achieve substantial efficiencies, the proper

comparison is not between class litigation and no litigation at all, but between

class litigation and actions conducted separately by individual class members."

*Ellis*, 285 F.R.D. at 539(*quoting United States v. City of New York*, 276 F.R.D. 22,

49). "[T]he purpose of the superiority requirement is to assure that the class

action is the most efficient and effective means of resolving the controversy."

*Wolin v. Jaguar Land Rover N. Am.*, LLC, 617 F.3d 1168, 1175 (9th Cir. 2010).

Here, all aspects of the superiority requirements are met.  The factual,

legal, and financial burdens of individual litigants are too high to motivate many

class members from litigating their claims on an individual basis. The complex

technical issues regarding the defeat device algorithm and VW's implementation

of the defeat device, together with the costs of prosecuting a case against an

entity that, for all practical purposes, is located overseas, as well as the costs of

experts, essentially preclude almost all class members from pursuing their claim

on an individual basis. Certification of a class would conserve judicial and

individual resources.

To date, counsel for Plaintiff Ballew are not aware of any claims made against VW Credit similar to the claims in this lawsuit. Claims against VW, are many, however, and will likely be consolidated in a MDL.

The final superiority factor regarding manageability emphasizes the issue of whether "the complexities of class action treatment outweigh the benefits of considering common issues in one trial ...." *McKenzie v. Fed. Exp. Corp.*, 275 F.R.D. 290, 302 (C.D. Cal. 2011). Here the class approach to manageability is superior to having individuals pursue their claims separately. Any manageability difficulties pale in comparison to the difficulties of managing tens of thousands of individual claims.

**G.  Bishop & Heenan and Bechtold Law Firm**

Bishop & Heenan and Bechtold Law Firm should be appointed class counsel. These firms brought Plaintiff Ballew's claims against VW Credit, which was the first such claim against VW Credit filed in the United States. Counsel for Plaintiff Ballew do not claim to exclude other counsel, and welcome the assistance of other counsel. However, the immediacy of class claims in this matter require that the issue of halting payments to VW Credit under the Holder Rule be addressed

with all due expediency.

**III.     CONCLUSION**

For all the reasons addressed above, Plaintiff Ballew asks the Court to grant his Motion for Class Certification.

DATED this 22nd day of October, 2015.

/s/Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC

John Heenan
BISHOP & HEENAN LAW FIRM

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF COMPLIANCE**

I certify that the foregoing brief in support of a motion is 2437 words, excluding the caption, signature blocks, and certificate of compliance.

/s/Timothy M. Bechtold